**The PEOPLE of the State of Colorado, Complainant,**

v.

**Ross A. WILSON, Attorney–Respondent.**

**No. 87SA319.**

Supreme Court of Colorado,
En Banc.

Nov. 16, 1987.

Linda Donnelly, Disciplinary Prosecutor, Susan L. Fralick, Sp. Deputy Disciplinary Prosecutor, Denver, for complainant.

Ross A. Wilson, Colorado Springs, pro se.

ROVIRA, Justice.

Ross A. Wilson, you appear before the Colorado Supreme Court to receive a public censure for your professional misconduct. In disciplinary proceedings before the Grievance Committee you and the disciplinary prosecutor executed a stipulation in which you waived your right to a formal evidentiary hearing, admitted the essential facts which caused the Grievance Committee to take action against you under our rules governing lawyer discipline, and agreed that a public censure was appropriate discipline.

You were admitted to the bar of this court on May 10, 1974, and at all times pertinent to these proceedings were registered as a lawyer in our official records. Therefore, pursuant to C.R.C.P. 241.1(b), you are subject to our disciplinary jurisdiction in all matters relating to the practice of law.

In March 1985, Evelyn C. Angel retained you to represent her in a dissolution of marriage action and paid you $200. You filed the petition and summons with return of service by March 21, 1985. A stipulation for temporary orders was agreed upon by the parties and approved by the court on March 25, 1985. A separation agreement prepared by you was signed by the Angels on June 14, 1985.

Shortly thereafter, Mrs. Angel moved to South Dakota. Later, she wrote to you and requested a copy of the decree of dissolution. You failed to reply or send her a copy of the decree. She then called the El Paso County District Court and discovered that a decree of dissolution had never been entered. Your client filed a request for

investigation with the Grievance Committee on March 5, 1986.

On March 19, 1986, you were notified by the Grievance Committee that an investigation was pending. In April 1986, the district court notified you that the case would be dismissed within thirty days for failure to prosecute unless you showed cause by written motion and proposed order why it should not be dismissed. You then had your client sign an affidavit for decree without appearance and, along with the separation agreement, filed it with the court on April 30, 1986.

A few days later, the court ordered that the divorce decree could not be entered based on a non-appearance affidavit because Mr. Angel did not have an attorney and, where children were involved, both parties needed to be represented by counsel. You failed to promptly respond to the court's order, and as a result, the case was dismissed without prejudice for failure to prosecute on May 12, 1986.

Your client retained another attorney who reopened the case and has obtained the necessary documents to obtain a decree of dissolution. Your client will incur approximately $400 in additional attorney fees as a result of your failure to act.

You have admitted that your conduct violates C.R.C.P. 241.6 and the following provisions of the Code of Professional Responsibility: DR1–102(A)(1) (violation of a disciplinary rule); DR6–101(A)(3) (neglect of a legal matter); and DR7–101(A) (1), (2), and (3) (failure to seek lawful objective of client, failure to carry out contract of employment, and damage to client). Further, you joined with the disciplinary prosecutor in recommending that you be subject to a public censure.

The Grievance Committee approved the stipulation with its recommendation that you be publicly censured and we accept the action taken by the Grievance Committee.

Accordingly, Mr. Wilson, we publicly censure you for your misconduct described in this opinion. This public censure may be considered by us in the event you should commit further violations of the Code of Professional Responsibility.

You are ordered to pay the costs of this proceeding in the amount of $64.23 to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 510–S, Denver, Colorado 80202–5435, within thirty days from the announcement of this opinion.